UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JERIEL MALACHI BROOKS,           )
                                 )
              Petitioner,         )
                                 )
       vs.                        )        Case No. 1:14CV00012 SNLJ
                                 )
UNITED STATES OF AMERICA,         )
                                 )
              Respondent.         )

## MEMORANDUM AND ORDER

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Jeriel Malachi Brooks, a person in federal custody. On July 23, 2012, Brooks plead guilty before this Court to the offense of conspiracy to manufacture methamphetamine and, on October 22, 2012, this Court sentenced Brooks to the Bureau of Prisons for a term of 60 months, the mandatory minimum sentence. Brooks' § 2255 motion, which is based on several allegations of ineffective assistance of counsel, is fully briefed and ripe for disposition.

## I.     FACTS AND PROCEDURAL HISTORY

On June 20, 2010, Brooks kicked in the front door of someone's residence and stole approximately $400 worth of items, including personal papers, savings bonds, a gold ring and a piggy bank. (PSR ¶ 47)

On August 13, 2010, Brooks unlawfully entered the Delta Missouri High School, stole twenty to thirty dollars in cash, approximately $500 worth of CDs and DVDs, and then set the building on fire. (PSR ¶ 48)

On January 27, 2011, the Cape Girardeau County Sheriff's Department executed a search warrant at Brooks' residence and recovered a number of items associated with the manufacture of methamphetamine, including a used "shake and bake" meth lab. (CR, 13) After being advised of and waiving his Miranda rights, Brooks stated that he had received the lab from co-defendant Jerrod Landan Steger. Steger gave Brooks a small amount of methamphetamine in exchange for Brooks disposing of the lab. *Id.*

Brooks also admitted that he had provided pseudoephedrine pills on numerous occasions to co-defendant Mansfield McMullin and others for use in manufacturing methamphetamine, and was present on a number of occasions when those individuals manufactured methamphetamine. *Id.* The investigation revealed that Brooks had allowed McMullin and others to manufacture methamphetamine at his residence during the period of the conspiracy on at least one occasion, yielding approximately 21 grams. (CR, 14)

Based on interviews and pharmacy records, DEA agents showed that Brooks and other members of the organization frequently traveled to cities outside of southeast Missouri to obtain pseudoephedrine pills under circumstances consistent with a methamphetamine manufacturing conspiracy. (CR, 15)

Brooks was arrested on the state charges on January 27, 2011, and was convicted on March 28, 2011 in the Circuit Court of Cape Girardeau, County Missouri for the two Burglaries, the Thefts and the Arson, and sentenced to concurrent terms of three years in prison for the Burglaries and seven years for the arson. (PSR ¶¶ 47, 48) On July 26, 2011, the execution of the remainder of the sentence was suspended and Brooks was placed on five years of probation. *Id.*

On January 19, 2012, Brooks was indicted in the United States District Court for the Eastern District of Missouri at Cape Girardeau, and on April 19, 2012 was charged in one count of a superseding indictment with conspiracy to manufacture 50 grams or more of a mixture or substance containing methamphetamine in violation of Title 21 United States Code Sections 841(a)(1) and 846, and punishable under Title 21 United States Code Section 84(b)(1)(B)(viii). (CR, 1-2)

Brooks pleaded guilty to the indictment on July 23, 2012, and a Presentence Investigation Report (PSR) was ordered. Therein, Brooks' base offense level was 32 pursuant to U.S.S.G. § 2D1.1(a)(5) because the offense involved at least 500 grams, but less than 1.5 kilograms of a mixture or substance containing methamphetamine. (PSR ¶ 35) A four-level reduction in the offense level applied because Brooks was a minimal participant in the offense, as did another three-level reduction for acceptance of responsibility and timely notification of his intent to plead guilty. (PSR ¶¶ 38, 42) The resulting total offense level was 25. (PSR ¶ 44) Brooks was assigned two criminal history points for the burglary and theft at the residence in June of 2010 (PSR ¶ 47), and another two points for the burglary, theft and arson at the Delta Missouri High School which he had committed in August of 2010 (PSR ¶ 48), resulting in a criminal history category of III. (PSR ¶ 50) With a Total Offense Level of 25 and a Criminal History Category of III, Brooks' advisory guidelines range was 70 to 87 months of incarceration. (PSR ¶ 77)

Brooks filed an objection to the PSR, stating that the safety valve should apply because all of his criminal history points came from one set of conduct, and that he had no criminal history points at the time that he committed the instant offense. (CR, 25-27)

This Court overruled Brooks' objections, finding that the prior convictions were separate offenses from the drug conspiracy and because they had taken place prior to the commission of the instant offense, the points were properly assessed and therefore made Brooks ineligible for the safety valve reduction. (Transcript of Sentencing Hearing,"TRS Sent," p. 4) This Court did, however, grant a downward variance from the recommended guideline range and sentenced Brooks to 60 months' imprisonment, the mandatory minimum sentence. (TRS Sent, p. 16)

Brooks appealed, alleging that this Court erred when it concluded that he had four criminal history points for the prior convictions, and declined to interpret 18 U.S.C. § 3553(f) as limiting the assessment of criminal history points for convictions occurring prior to the commission of the instant offense. Brooks also raised for the first time on appeal, an argument that the statutory mandatory minimum sentence as applied to him is unconstitutional because it precluded the District Court from fashioning an individualized sentence in his case. Brooks did not appeal the lack of a Government sponsored motion for downward departure based upon the provision of substantial assistance.

In *United States v. Brooks*, 722 F.3d 1105 (8th Cir 2013), The Court of Appeals rejected all of Brook's arguments, finding that the District Court did not clearly err in calculating his criminal history and that Brooks was properly denied safety valve relief as a result. The Court of Appeals also determined, in keeping with precedent, that Brooks' constitutional argument was foreclosed by Eighth Circuit law.

Brooks' petition for rehearing and rehearing en banc were both denied in the Court of Appeals for the Eighth Circuit and Brooks filed a Petition for Writ of Certiorari to the

United States Supreme Court, which was denied on November 12, 2013. *Brooks v. United States*, 134 S.Ct. 630 (2013).

On January 7, 2014, Brooks filed a petition requesting the Court compel the government to file a motion for downward departure as specific performance of a plea agreement with the United States. The petition was denied this day by written memorandum and order.

Brooks subsequently filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255, herein.

## II.    NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF

28 U.S.C. § 2255 provides, in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United*

*States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. *Id.* at 225-6. *See also United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

### III. BURDEN OF PROOF - INEFFECTIVE ASSISTANCE OF COUNSEL.

In order to prevail on a theory of ineffective assistance of counsel, the petitioner must demonstrate two separate things; that counsel's representation fell below an objective standard of reasonableness (was constitutionally deficient), and secondly that counsel's deficient performance materially and adversely prejudiced the outcome of the case. *Furnish v. United States of America*, 252 F.3d 950, 951 (8th Cir. 2001) While counsel has a duty to make reasonable investigations and decisions, "in determining whether counsel's performance was deficient, the court should 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (citing *Strickland*, 466 U.S. at 689)

6

In order to prove that counsel's error was prejudicial, petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability has been described as "a probability sufficient to undermine confidence in the outcome." *Id*. However, the reviewing court need not address the issue of counsel's performance if it determines that the movant "suffered no prejudice from the alleged ineffectiveness." *Pryor v. Norris*, 103 F.3d 710, 712 (8th Cir. 1997)

## IV. BURDEN OF PROOF - PROSECUTORIAL MISCONDUCT

In order to prevail on a claim of prosecutorial misconduct, a defendant must first show that the prosecutor's conduct was improper, and secondly that the prosecutor's improper actions prejudicially affected the defendant's substantial rights so as to deprive him of a fair trial. *United States v. Mullins*, 446 F.3d 750, 757 (8th Cir. 2006) If the actions were in fact improper, the court should determine if they deprived the defendant of a fair trial by examining the cumulative effect of the misconduct, the strength of the properly admitted evidence of the defendant's guilt, and what curative actions, if any were undertaken by the trial court. *Id*.

## V.     DISCUSSION

## A. NO VIOLATION OF STATE COURT PLEA AGREEMENT.

In his first stated ground for relief, Brooks claims in effect that his indictment in the United States District Court was a violation of the plea agreement that he had with the State Prosecutor.

AUSA Swingle negotiated a plea with defendant in state court that no drug charges would be filed. Mr. Swingle also knew i was puchasing psudephedrine for my co-defendants at that time. This same conduct is charged here and creates a breach of plea agreement. Violation of state plea aggravates instant offense and make the indictment prejudicial. Furthermore, AUSA Swingle had the burden to inform staff lawyers in the AUSA Office of the plea agreement he had made with me. Allowing the government to breach a promise that indused a guilty plea violates Due Process. (§ 2255 Motion p. 4)

Swingle, who then the elected Prosecuting Attorney for Cape Girardeau County[1], told Brooks that if he pleaded guilty in state court to two unrelated cases, a burglary and a separate burglary and arson case, that he would not file charges against Brooks in state court for a methamphetamine lab that was recovered during the course of the investigation. (Brooks' Exhibits Document 1-2 pp. 3-4) Brooks pleaded guilty and got the benefit of his bargain, namely the State prosecutor did not file state charges against Brooks for the meth lab, doing precisely what the State Court Prosecutor had promised that he would do. Mr. Brooks fails to understand that the United States was not a party to that plea agreement, nor are they bound by it.

Generally speaking, the determination as to whether there has been a breach of a plea agreements is governed by the law of contracts. *Puckett v. United States*, 556 U.S. 129, 137 (2009). In this instance, Brooks, who has the burden of production, has failed to prove that the United States was a party to his plea agreement with the Cape Girardeau County Prosecutor's Office. The letter from Mr. Swingle to Brooks' attorney relating the details of the plea agreement is perfectly clear that he was speaking only for the State of

---

[1] Swingle would later become an AUSA in the USAO for the Eastern District of Missouri, which undoubtedly added to the defendant's confusion concerning the handling of the case in federal court.

Missouri and not the federal government. (Brooks' Exhibits Document 1-2 pp. 3-4) It goes without saying that someone who is not a party to a contract can't be in breach of it.

Brooks states his conclusion that "Swingle had the burden to inform staff lawyers in the AUSA Office of the plea agreement he had made with me," (§ 2255 Motion p. 4) but cites no law, rule or case that imposes that duty upon a state prosecutor. Nor does the agreement itself impose any such requirement upon the state prosecutor, although it certainly would have been permissible for Brooks to have negotiated that as a condition of his plea in the state court proceeding. (Brooks' Exhibits Document 1-2 pp. 3-4)

Secondly, the state prosecutor would not have had the authority to restrict a federal prosecution, as state prosecutors cannot bind federal prosecutors without the latter's knowledge and consent. *Hendrix v. Norris*, 81 F.3d 805, 807 (8th Cir. 1996). *See also United State v. Glauning*, 211 F.3d 1085, 1087 (8th Cir. 2000) (local authorities had no ability to bind federal government, where defendant claimed county prosecutor and police officer promised no federal prosecution if she cooperated) Here, Brooks again fails in his burden of production simply because there was no such deal between federal and state authorities.

Because it clearly appears from the record in this respect that the petitioner is not entitled to relief, this ground will be dismissed without the necessity of an evidentiary hearing.

## B. NO UNCONDITIONAL PROMISE OF A SUBSTANTIAL ASSISTANCE MOTION.

Brooks' second ground for relief alleges that he was "misled" into pleading guilty by a promise to file a downward departure motion.

> AUSA Willis misled Defendant and his counsel that a downward departure motion would be filed. If it wasn't for Defendants counsel being misled a plea of not guilty would have been entered and a motion to dismiss this case based on Mr. Swingles promises made would have been filed. (§ 2255 Motion p. 5)

This ground was addressed at length in this Court's order denying Brooks' motion for specific performance of the plea agreement.

As this Court noted, record is perfectly clear that Brooks was never unconditionally promised a departure motion, only a conditional agreement on the part of the Government to file a motion for downward departure, when and if the Government in its sole discretion, determined that the assistance was substantial. The written plea agreement and stipulation which the defendant signed clearly shows this.

> The defendant **has offered** to assist the government in its ongoing investigation. However, the **defendant has not provided substantial assistance at this time**. At or near the time of sentencing, **the government alone will determine** whether the defendant's assistance has been substantial enough to warrant the filing of a motion for downward departure under Section 5K1.1 of the Guidelines or Title 18, United States Code, Section 3553, or both. The defendant fully understands that **the government alone will determine what constitutes substantial assistance** and **the government alone will determine whether to file a motion for downward departure**. The defendant further understands that there will be no downward departure without a motion by the government. **The defendant further understands that mere assistance is not enough to warrant a downward departure motion and that such a motion is warranted only for substantial assistance. The defendant understands that even if the information provided is truthful and complete, it will not be substantial assistance if the government regards the information to be insufficiently significant or insufficiently helpful**.

(Plea Stipulation pp. 6-7) [Emphasis added]

The conditional nature of the agreement, the fact that the decision to file or not was left to the government's sole discretion, and the fact that only the Government would determine what constituted "substantial" as opposed to "mere" assistance is also abundantly clear from the language of the plea agreement. The stipulation itself also provides that there were no promises, other than the ones in the written plea agreement.

> This document constitutes the entire agreement between the defendant and the government, and **no other promises or inducements have been made**, directly or indirectly, **by any agent of the government, including any Department of Justice attorney**, concerning any plea to be entered in this case or the agreements, recommendations or stipulations contained herein.

(Plea Stipulation p. 19) [Emphasis added]

That this really was the situation is further supported by the plea colloquy, where Mr. Brooks who was under oath, was present with his attorney, and was addressed by the Court.

| | |
|---|---|
| Court: | The lawyers have given me a written plea agreement that consists of 20 pages, and I see that you and the lawyers have signed it on page 20; is that right? |
| Brooks: | Yes, Your Honor. |
| Court: | Have you read the agreement? |
| Brooks: | Yes. My lawyer went over it with me, sir. |
| Court: | Okay. Well, has he gone over it in detail with you too? |
| Brooks: | He read through it briefly, Your Honor. |
| Court: | Well, has he explained the contents of the agreement in detail to you? |
| Brooks: | Yes, Your Honor. |

| | |
|---|---|
| Court: | And do you understand the contents of the agreement? |
| Brooks: | Yes, Your Honor. |
| Court: | Is there anything in here that you do not understand? |
| Brooks: | No, Your Honor. |
| Court: | So you did read it yourself then too? |
| Brooks: | He read it to me. |
| Court: | Okay. |
| Brooks: | And I looked at it too, Sir. |
| Court: | Okay. So is there - - you understand everything that's in here then? |
| Brooks: | Yes, Sir. |
| Court: | **Now, have any promises been made by anyone to get you to plead guilty other than the promises that the Government is making that are set out in this agreement? Any other promises?** |
| Brooks: | **No, Sir.** |
| Court: | **So this is the full, total, complete agreement; is that right?** |
| Brooks: | **Yes, Your Honor.** |

(TRS Plea, pp. 6-8)[Emphasis added]

In terms of substantial assistance motions, a sentencing court may not grant a downward departure for substantial assistance without a motion from the government. *United States v. Wilkerson*, 179 F.3d 1083, 1086 (8th Cir. 1999), (See also; U.S.S.G. § 5K1.1, 18 U.S.C. 3553(e), and Federal Rule of Criminal Procedure 35(b), all of which require a motion from the government.) The government has no duty to make a substantial assistance motion unless it has entered into a plea agreement with the

12

defendant that creates such a duty. *United States v. Davis*, 583 F.3d 1081, 1097 (8th Cir. 2009).

Where the Government expressly reserves its discretion whether to file a substantial assistance motion or not, the execution of that discretion may be challenged only if the defendant makes a "substantial threshold showing" of prosecutorial discrimination, irrational conduct or bad faith. *United States v. Hardy*, 325 F.3d 994, 995 (8th Cir. 2003). A refusal to file a substantial assistance downward departure motion is unconstitutional if it is motivated by some form of invidious discrimination such as the defendant's "race" or "religion." *United States v. Wolf*, 270 F.3d 1188, 1191 (8th Cir. 2001).

In the absence of a "substantial threshold showing" a defendant is not entitled to any remedy or even to an evidentiary hearing. *Hardy*, 325 F.3d 994, 995. To meet that substantial threshold showing the petitioner must present evidence that tends to show that the Government's decision was "not rationally related to a legitimate government interest". *United States v. Fields*, 512 F.3d 1009, 1011 (8th Cir. 2008).

The real reason that Brooks never received a government sponsored departure motion is because he never earned it. Brooks, who has claimed consistently throughout the case that he was just a minor player in the conspiracy was never in a position to provide anything of value to the government. The truth of this is also plainly reflected in the record, note the prosecutors comments at the sentencing hearing:

> Mr. Brooks did agree to cooperate. He came in. He did talk to us. I met with him. He seemed like a very contrite young man at that point in time. I think that he was honest with what he told us, and he did volunteer to help out in the prosecution of

these other people. Mr. Brooks, though, suffers from a problem of being the first one out of the conspiracy. So he was involved for a limited period of time. He then got out of the conspiracy, which unfortunately for him limited his usefulness to us as a witness. So it's kind of a long way around the bard of saying he doesn't really qualify for substantial assistance. Did he offer assistance? Yes. Did he provide some assistance? Yes. Was that substantial? No, not in the Government's considered opinion. (TRS Sent pp. 11-12)

Thus the record clearly reflects that Brooks was never promised a downward departure motion, only an opportunity to earn one, which he was never able to do.

The second fault with the contentions in this ground is that Brooks assumes that if his attorney had filed a motion to dismiss the federal indictment based upon the non-existent violation of the state court plea agreement, that it would have prevailed. For the reasons explained in point "A" above this is clearly not the case.

This ground will be dismissed without the necessity of an evidentiary hearing herein.

## C. NO INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILURE TO CHALLENGE SO CALLED BREACH OF STATE COURT PLEA AGREEMENT.

In his third stated ground for relief Brooks asserts that he received ineffective assistance of counsel in that his attorney failed to:

challenge the breach of plea agreement made by Mr. Swingle and failure to file motion to dismiss based on prosecutors promise no drug charges would be filed. (§ 2255 Motion p. 7)

In this instance, such a motion would not have prevailed for the reasons stated above and Brooks was clearly not prejudiced by his attorney's failure to advance an argument that had no basis in either law or fact. Counsel cannot be considered to be ineffective for failing to raise issues upon which a defendant would not have prevailed.

14

*United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983) This ground for relief will therefore also be dismissed without the necessity of an evidentiary hearing.

### D. NO INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILURE TO CHALLENGE DRUG QUANTITY.

For his fourth contention, Brooks alleges he received ineffective assistance of counsel because his attorney in that his attorney failed to object that the amount of drugs attributed to him was not "reasonably foreseeable," and failed to interview a potential witness who could have established that he was a drug addict who was used by the other conspirators to commit the offenses. (2255 Motion p. 8)

Brooks' contention about the drug quantity is completely without merit, as Brooks admitted under oath that the conspiracy was responsible for this amount of methamphetamine.

| | |
|---|---|
| Court: | Is there any factual basis that needs to be established regarding the amount of manufacturing involved in the conspiracy? |
| Prosecutor: | Judge, there is. The total amount of mixture or substance containing methamphetamine which the conspiracy manufactured over the entire course of it is reasonably estimated to be more than 500 grams, but less than 1.5 kilograms. That comes from a number of statements made by various participants and reviews through pseudoephedrine logs. My understanding is that they are stipulating to that. However, because Mr. Brooks withdrew he has a lesser amount of liability, and that is taken care of by the downward adjustment for being a minor participant in this matter. |
| Court: | Have you heard the statements from the prosecutor? |
| Brooks: | Yes, your honor. |
| Court: | Is everything he said true and correct? |
| Brooks: | Yes, your honor. |

15

| Court: | You admit that you did all those acts he described then? |
|---|---|
| Brooks: | Yes, your honor. |
| Court: | No question about it? |
| Brooks: | No question, your honor. |

(TRS Plea pp. 15-16)

Having admitted made such an admission under oath, Brooks is not now in a position to dispute it. Secondly, Brooks is in error because his attorney did adequately and effectively address that issue in that he was able to negotiate a plea agreement with the government wherein the parties agreed that he should receive a four level reduction for his lesser role in the offense. (Plea Stip pp. 7-8) That four level agreement brought Brooks offense level down from an offense level of 32 to a 28. Another three levels off for acceptance of responsibility brought the range down to a level 25. (PSR ¶ 44) Due to Brooks' prior convictions for burglary and arson, his criminal history category was a III, which brought the advisory guidelines range to 70 to 87 months, or only ten to seventeen months over the mandatory minimum sentence.

The record clearly reflects that the parties as well as the Court were aware of Brooks' substantial drug problem at the time of sentencing. (PSR ¶ 59)(TRS Sent p. 16) Bringing in additional witnesses to further establish that fact would not have changed the outcome of the sentencing, in light of the fact that the court was already aware that Brooks was an addict, and the Government agreed that the Court should vary downward and sentence Brooks to the mandatory minimum sentence. (TRS Sent pp. 12-13)

Even if Brooks' counsel had been negligent in pursuing these issues, and the record expresses the exact opposite, Brooks was in no way harmed because he got the shortest sentence that he could receive under the law, the mandatory minimum. (TRS Sent p. 17)

This ground will also be dismissed without the necessity of a hearing.

**E. NO DOUBLE JEOPARDY BAR TO FEDERAL PROSECUTION.**

In Ground Five, Brooks alleges that he received ineffective assistance of counsel in that his attorney failed to object that his federal prosecution was barred due to "double jeopardy." The Fifth Amendment provides a defendant with protection from being prosecuted or punished twice for the same offense, either after an acquittal or after a successful prosecution and conviction. *Dodge v. Robinson*, 625 F.3d 1014, 1017 (8th Cir. 2010). In this instance Brooks was never charged with the drug offense in state court, never placed on trial and never convicted. His prosecution in Federal Court simply does not implicate protection against double jeopardy, because he was never placed in jeopardy a first time.

Additionally, even had Brooks been tried and acquitted in state court for possession of the methamphetamine lab that would not serve as a bar to a subsequent federal prosecution for the drug conspiracy under the dual sovereignty doctrine, as Brooks' drug activity constitutes a separate crime against both the State of Missouri and the United States. *Abbate v. United States*, 359 U.S. 187, 195-196 (1959)

Because Brooks could not have prevailed on this argument, his attorney was not ineffective in failing to raise it in the District Court. This Ground will be dismissed without the necessity of an evidentiary hearing.

## F. BROOKS DID NOT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL CONCERNING HIS CHALLENGE TO THE CRIMINAL HISTORY CALCULATION.

In Ground Six, Brooks alleges ineffective assistance of counsel in that his attorney failed to object that his prior sentences for should have been counted as a single sentence because they were entered on the same day. This allegation is without merit, in that his attorney made a significant challenge to the criminal history calculation in an effort to qualify Brooks under the safety valve provision. Part of that strategy included the argument that the offenses should have been treated as part of a single course of conduct, Brooks' attorney stated at sentencing,

> While the burglaries did happen before the date of the [Federal] indictment, it's all one series of conduct. It all had to do with methamphetamine use and abuse, and he was arrested one time. (TRS Sent p. 5)

The Court recognized however that the two burglary convictions were both separate and distinct crimes, and should not be considered as part of the relevant conduct in the instant offense. (TRS Sent p. 5) Brooks is also factually incorrect in this allegation, in that the two dispositions were treated as a single sentence under Section 4A1.2(a)(2), although he still received enough criminal history points to keep him from getting a safety valve reduction. (PSR ¶¶ 47 & 48)

## G. NO VIOLATION THE DEPARTMENT OF JUSTICE'S "PETITE POLICY."

Brooks also complains that he was prosecuted in violation of the Department of Justice's internal policy restricting successive prosecutions under the doctrine of dual sovereignty. That policy, which was enacted after the decision in *Petite v. United States*, 361 U.S. 529 (1960), was designed to conserve prosecutorial resources and restricts dual prosecutions to situations where there are compelling reasons. In this instance, Petite was never implicated, as Brooks, pursuant to his plea agreement with the state prosecutor was never charged with the drug crime.

Even if he had been charged and convicted in state court for the identical offense, Brooks could not have prevailed upon a motion to dismiss the instant offense, as the *Petite* policy is an internal policy of the Department of Justice and confers no rights upon individual defendants. *United States v. Larsen*, 427 F.3d 1091, 1094 (8th Cir. 2005).

## H.  NO INEFFECTIVE ASSISTANCE OF COUNSEL IN ADVICE TO WAIVE FILING PRETRIAL MOTIONS.

In Ground Eight, Brooks alleges ineffective assistance of counsel in that his attorney erroneously advised him to waive pretrial motions and plead guilty.

> Defendants counsel gave erroneous advice to defendant to waive pre-trial motions and plead guilty despite defendants claim of being put into double jeopardy and defendants guilty plea to same conduct in state plea agreement by Mr. Swingle. (2255 Motion p. 15)

In this instance, Brooks' claim of ineffective assistance of counsel is predicated upon his mistaken belief that he could have won based on the underlying arguments that the government has already demonstrated would not have prevailed. Since Brooks was not harmed by his attorney's unwillingness to pursue losing arguments, he cannot prevail on this theory.

Additionally, even if he had been given bad advice by his defense attorney, that in and of itself does not necessarily equate to ineffective assistance of counsel.

> The exercise of reasonable professional judgement, "even when hindsight reveals a mistake in that judgement, does not render a lawyer...lacking in competence in rendering his (or her) services." There is a presumption that counsel has rendered effective assistance. To overcome the presumption, (the petitioner) "must shoulder a heavy burden." *Brown v. United States*, 656 F.2d 361, 363 (8th Cir. 1981), *quoting*; *United States v. Blue Thunder*, 604 F.2d 550, 554 (8th Cir. 1979).

This ground will also be dismissed without the necessity of an evidentiary hearing.

## I.     DEFENDANT WAS NOT SUBJECTED TO IMPROPER SELECTIVE PROSECUTION.

In ground Nine Brooks alleges prosecutorial misconduct in that he claims he was subjected to selective prosecution.

> Defendant was singled out for prosecution while others with more conduct. who remained in conspiracy longer, and who had bought more pseudoephedrine than me were not prosecuted. The decision to prosecute me was based on the same conduct that the defendant had attempted to secure in his constitutional right of a plea agreement in state court. (See pseudoephedrine pill logs and police reports. specifically the police report from Caleb Diggs residence) (2255 Motion, p. 15)

The Government clearly has broad discretion in determining whether or not to prosecute an offense and if so, what particular charge or charges to bring before the grand jury for their consideration. *Bordenkircher v. Hayes*, 434 U.S. 357 364 (1978). That discretion is not unlimited, but is subject to well established constitutional limitations, such as the prohibition of a prosecution based upon an improper motive such as race, religion or national origin. *United States v. Armstrong*, 116 S.Ct. 1480, 1486 (1996). Here, Brooks' sole claim is that there were others whom he believes to have been more culpable or more involved in the conspiracy than he was. There is simply no authority for

the proposition that he should not have been punished because another member of the conspiracy was not.

This ground will also be dismissed without the necessity of a hearing.

**J. SMARTER SENTENCING ACT HAS YET TO APPLY.**

In an Addendum to his Section 2255 Petition Brooks also requests to be re-sentenced to a lower mandatory minimum sentence of two years under the "Smarter Sentencing Act" "S.1410" which has yet to be enacted into law. (Document 3) Although, depending upon the provisions of any law that might be passed in the future, if it is made retroactive, Brooks might have the right to a resentencing, his motion at this time is premature and will be dismissed as well, with leave to refile in the event a retroactive sentencing reduction is enacted.

**VI. CONCLUSION**

It plainly appears from the face of the motion and annexed exhibits that the petitioner is not entitled to relief in the district court. Therefore, the motion is **DISMISSED** without a hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Brooks has not made a substantial showing of the denial of a federal constitutional right.

Dated this 7th day of October, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE